People *ex rel.* Jordan agt. Clark.

### ·SUPREME COURT. ·

The People *ex rel.* Richard M. Jordan agt. Emmons Clark.

*Military Code — Laws of* 1870, *chapter* 80 — *Mandamus — Member of national guard — Non-resident.*

A member of the national guard who is not a *resident* or *citizen* of this state, whose name has been dropped from the rolls of the regiment for the reason that he is not a resident or citizen and has attended only five company drills during the past year, is not entitled to a *mandamus* to compel the replacement of his name upon the rolls of such regiment.

The relator being neither a *citizen* or a *resident* of this state, nor, except temporarily, within the jurisdiction of its courts, either civil or martial, fails to establish that clear legal right to be reinstated which must exist in order to entitle him to a peremptory *mandamus.*

The case of *Fritz Scheel* (*ante, p.* 478) distinguished.

*Special Term, January,* 1876.

Application for a peremptory *mandamus* to compel Col. Clark forthwith to cause to be replaced upon the rolls of the Seventh regiment the name of Richard M. Jordan, and to restore him forthwith to his position as private in company "G" of said regiment. R. M. Jordan enlisted in company "G," Seventh regiment, national guard, New York, in 1870; was a resident of New Jersey at the time and known to the officers of the Seventh regiment as such. At the time of joining application had to be signed setting forth fact of being citizen of United States, age, residence and occupation. During Jordan's connection with the regiment he always had his residence in New Jersey; purchased uniforms and equipments as required by regulations of the regiment, and paid a

People *ex rel.* Jordan agt. Clark.

large sum of money into the regiment as fines and dues and given time and labor. On 16th September, 1875, Col. Clark issued an order known as special order No. 30, by which the lieutenant commanding company " G " was directed to drop from the roll of said company the name of relator, because he was not a citizen of the state of New York.

*B. W. Throckmorton*, for relator.

*Emmons Clark*, in person, opposed.

LAWRENCE, *J.*—I am of the opinion that the motion for a peremptory *mandamus* commanding the respondent to cause the name of the relator to be placed upon the roll of the Seventh regiment should be denied.

It appears from special order No. 30, appended to the affidavit of the respondent, that the relator's name was dropped from company G, for the reason that he is not a resident and citizen of the state of New York, and it is stated also in the order, that the fact that private Jordan attended only five company drills during the past year would require, independent of any other circumstance, this action in his case.

The first section of the Military Code (*chapter* 80, *Laws* 1870) provides that all able-bodied white male citizens and males of foreign birth, who have declared their intentions to become citizens, between the ages of eighteen and forty-five years, residing in this state and not exempted by the laws of the United States, shall be subject to military duty excepting, &c., &c. The relator plainly could not be held to military duty under this section, and the only question in the case therefore, is as to the effect of the thirteenth section of the Military Code, that volunteers may be received and enlisted in any troop, battery or company, whether they reside in the troop's, battery's or company's district or not. I had occasion to examine this section and to interpret it in

the recent case of Fritz Scheel (*ante, p.* 478) in which Scheel, after having enlisted as a member of a regiment sought to be discharged on a *habeas corpus* from imprisonment, to which he had been subjected under the judgment of a court martial for non-payment of fines, on the ground that, being an alien, he was not subject to military duty. In that case I held, that Scheel could be received into a regiment and that he might waive his exemption from liability to do military duty, and that having done so he could not avoid the payment of fines imposed upon him for neglect of duty by alleging that he could not be compelled to do military duty. The difference between Scheel's case and that of the relator, is this: Scheel, though not a citizen, was a resident of this state, he was subject, for aught that appeared to the contrary, at all times, to the judgment and order of the appropriate court martial of the state. All that was determined in Scheel's case was this, that a resident alien might waive his exemption from military duty, and by volunteering might subject himself to all the penalties to which a citizen, enrolled as a member of a regiment would be subject in case of neglect or violation of duty. The relator is neither a citizen or a resident of this state, nor is he, except temporarily within the jurisdiction of its courts, either civil or martial. His name was stricken from the roll pursuant to general regulations emanating from the proper military authority. Such regulations having been prescribed by virtue of the authority conferred by sections 251 and 252 of the Military Code. In no view which can be taken of this case does the relator establish that clear legal right to be reinstated which must exist in order to entitle him to a peremptory *mandamus*, and as the facts are not disputed, I see no reason for granting even an alternative *mandamus*.

Motion denied without costs.

NOTE. — Where a member of the national guard, who was a resident of the city of New York at the time of his enlistment, removes out of the

People *ex rel.* Jordan agt. Clark.

state (say to the state of New Jersey), gaining a residence by living there six months or a year and afterward returns to the city to reside, can he be held to service in the regiment in which he originally enlisted ? We think not under this decision, and certainly not if Col. Clark's ideas of the law are correct. He says, in response to a communication addressed to him by the lieutenant commanding company "G," in relation to the order under which the relator's name was dropped from the roll, "whether private Jordan has or has not recently removed from another state to this state does not alter the case. If he was enlisted while a resident and citizen of another state, he has never been a *legal* member of company "G" or "liable to duty" therein. If he was enlisted while a resident and citizen of this state, and removed to and gained a residence in another state, he was not thereafter a *legal* member of company "G" or liable to duty therein. In either case a simple removal to this state does not entitle him, or restore him, to *legal* membership, nor does it necessarily make him eligible to membership." [ED.